**Daniel DIAZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 04–00–00025–CR.**

Court of Appeals of Texas,
San Antonio.

Aug. 8, 2001.

David J. Eveld, Moore, Pape & Dwyer, L.L.P., Seguin, for appellant.

Frank Follis, Asst. Dist. Atty., Seguin, for appellee.

Sitting PHIL HARDBERGER, Chief Justice, TOM RICKHOFF and CATHERINE STONE, Justices.

## OPINION

Opinion by: CATHERINE STONE, Justice

Daniel Diaz alleges reversible error in his conviction for aggravated assault and aggravated robbery with a deadly weapon. Daniel's appeal centers on whether his confession should have been excluded from evidence because of the deficient magistrate's warnings that he received within the juvenile justice system before he was certified and tried as an adult. Because we believe the trial court committed harmful error in admitting Daniel's confession, we reverse the conviction and remand the cause to the trial court for a new trial.[1]

---

1. We do not address the other issues raised by Diaz because they are not necessary to the

## Factual and Procedural Background

In July of 1998, fifteen-year-old Daniel Diaz, his older brother David, and their friend Jorge Medina, traveled from Sealy to Seguin, Texas to visit an uncle. At some point, there was a discussion about stealing a car so they could return to Sealy. The Diaz brothers ultimately met Arturo Guevara at a carwash. Guevara agreed to give them a ride after David Diaz had chatted with him. David Diaz was seated behind Guevara. As Guevara was driving, David Diaz pulled out a gun and ordered Guevara to pull the vehicle over. Guevara stopped the car, grabbed the keys, and ran. David Diaz fired several shots at Guevara and wounded him in the foot. Daniel, David, and Jorge then "hot-wired" the vehicle and drove until they had a flat tire in Gonzales, Texas, where they abandoned the car.

By March of 1999, the police had identified Daniel, David, and Jorge as the perpetrators of the crime. Daniel, now sixteen, was taken into custody and brought before the magistrate prior to questioning. As a juvenile suspect, he was warned by the magistrate before questioning and again after signing a confession. In the process of giving Daniel the statutorily-required warnings, the magistrate provided Daniel with incorrect information about the maximum possible sentence. The magistrate told Daniel that he "might get up to a year in confinement or up to a $10,000 fine if he were tried as an adult." The actual maximum prison term in the adult system is up to 99 years for aggravated assault with a deadly weapon. Daniel was certified to stand trial as an adult, and the trial court overruled his objection to the introduction of his confession into evidence. Under the law of parties, Daniel was convicted by the jury on two counts of aggravated robbery and assessed concurrent fifteen year sentences.

## Admissibility of Juvenile's Statement

In his first appellate issue, Daniel complains that his confession was involuntary and should have been excluded from evidence at trial, contending: (1) due process rights were violated when the magistrate misstated the maximum range of punishment; (2) the magistrate's misstatement rendered his statement involuntary; and (3) the magistrate's failure to put a check mark by the last requirement on the warning form is conclusive evidence that the magistrate failed to give all the statutory warnings.

Although juvenile proceedings are identified as civil or quasi-criminal rather than criminal, the protections and due process requirements of adult criminal prosecutions are applicable to juvenile cases. *See Breed v. Jones*, 421 U.S. 519, 529–31, 95 S.Ct. 1779, 44 L.Ed.2d 346 (1975); *Matter of M.R.*, 846 S.W.2d 97, 101 (Tex.App.—Fort Worth 1992, writ denied). The confession of a juvenile is not admissible at trial unless it is obtained in compliance with the warnings required in section 51.095 of the Texas Family Code. *See In re L.M.*, 993 S.W.2d 276, 291 (Tex.App.—Austin 1999, pet. denied). A magistrate is required to read the warnings listed in section 51.095(a)(1)(A) to the juvenile suspect before any interrogation by law enforcement. *Id.* at 290–91. No law enforcement personnel are allowed to be present during the warnings, and the juvenile must have the warnings read to him again by the magistrate during the making of the juvenile's written statement. Tex. Fam.Code Ann. § 51.095 (Vernon Supp. 2001). Even if the juvenile is later tried as an adult, the admissibility of the confession

final disposition of this appeal. Tex.R.App. P. 47.1.

in the criminal case is predicated upon whether the warnings were given as required in a juvenile proceeding. *Griffin v. State,* 765 S.W.2d 422, 427 (Tex.Crim.App. 1989).

 If the circumstances indicate that the juvenile defendant was threatened, coerced, promised something in exchange for his confession, or if he was incapable of understanding his rights and warnings, the trial court must exclude the confession as involuntary. *Darden v. State,* 629 S.W.2d 46, 51 (Tex.Crim.App.1982). Once the accused claims that the confession was not voluntary, the burden is upon the State to prove its voluntariness. *Farr v. State,* 519 S.W.2d 876, 880 (Tex.Crim.App.1975). In determining the voluntariness of the confession, the trial court must look at the totality of the circumstances. *Griffin,* 765 S.W.2d at 429.

 In the present case, the magistrate told Daniel that he "might get up to a year in confinement or up to a $10,000 fine if he were tried as an adult," while the actual maximum prison term in the adult system is up to 99 years for aggravated assault with a deadly weapon. Under these facts, Daniel claims his confession was involuntarily obtained. Providing information about the sentence one might receive is not required by section 51.095 of the Texas Family Code. Though well intentioned, the magistrate gave additional incorrect information. Daniel's decision to give a statement following the misstatement regarding the possible punishment, rendered that decision involuntary. *See In re R.J.H.,* 28 S.W.3d 250, 254 (Tex.App.—Austin 2000) (stating that actual coercive conduct is not required to make a statement inadmissible, but rather it is the totality of the circumstances surrounding the statement which includes factors such as the appellant being a minor).

Daniel's age at the time of his statement further emphasizes its involuntary nature in viewing the totality of the circumstances. The Supreme Court has emphasized that admissions and confessions of juveniles require special caution. In *Haley v. State of Ohio,* 332 U.S. 596, 599, 68 S.Ct. 302, 92 L.Ed. 224 (1948), the Court reversed the conviction of a 15–year–old boy for murder. In reference to the confession of the teenager, the Court remarked: "[w]hat transpired would make us pause for careful inquiry if a mature man were involved. And when, as here, a mere child-an easy victim of the law-is before us, special care in scrutinizing the record must be used. Age 15 is a tender and difficult age for a boy of any race. He cannot be judged by the more exacting standards of maturity. That which would leave a man cold and unimpressed can overawe and overwhelm a lad in his early teens."

In the instant case, Daniel was sixteen at the time he gave his statement to police. Daniel testified that he was "scared" and that this was "the first time [he had] ever been in a situation like this." Daniel further testified that he admitted he had a knife when he did not have one because the police repeatedly asked him if he had pulled out a knife. Daniel finally agreed that he had a knife because he was scared. Wrongly believing he would receive at most a year of prison time, Daniel made a choice to give what he later testified was an untruthful statement.

The case at hand is analogous to cases in which a defendant is unable to appreciate the actual value of his plea bargain because the maximum punishment he risked without the bargain was overstated in the court's admonition, rendering the plea involuntarily entered. *See Ex Parte Smith,* 678 S.W.2d 78, 79–80 (Tex.Crim.App.1984). Here, Daniel was unable to make a volun-

tary waiver of his rights in making his statement because the maximum amount of punishment he thought he risked was one year. In viewing Daniel's age, the magistrate's misstatement of the maximum sentence that Daniel could receive violated his constitutional rights of due process and rendered his statement involuntary.

### HARM ANALYSIS

Daniel's statement was undoubtedly inculpatory. In his statement, Daniel admits to planning to steal a car with his brother David. The only other evidence that Daniel had plotted with his brother came from the State's witness, Steven Vasquez. Vasquez, on probation for robbery at the time of his testimony, admitted that he could not specifically recall Daniel saying anything about stealing a car, just that he was present when his brother discussed it. Guevara testified that though he thought at first that Daniel had a razor when Daniel placed his hand in his pocket, Daniel never actually pulled anything out of his pocket. Guevara further testified that it was Daniel's brother who pulled the gun on him and threatened everyone in the car, including Daniel. Daniel testified he was frightened of his brother and was scared he would shoot Guevara.

### CONCLUSION

Under these facts, we cannot conclude beyond a reasonable doubt that the admission of Daniel's statement did not contribute to his conviction. *See* TEX.R.APP. P. 44.2(a). The judgment of the trial court is reversed and the cause is remanded to the trial court for further proceedings.