

## NUMBER 13-11-00206-CR

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

---

**MICHAEL WALDEN VARNADO,**                                                                 **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                                                          **Appellee.**

---

### On appeal from the County Court at Law No. 2
### of Jefferson County, Texas.

---

# MEMORANDUM OPINION[1]

### Before Justices Rodriguez, Benavides, and Perkes
### Memorandum Opinion by Justice Benavides

Appellant, Michael Walden Varnado, appeals the trial court's denial of a motion to suppress evidence pursuant to his DWI arrest and denial of his motion for rehearing. By two issues, Varnado contends that: (1) the trial court erred when it denied the appellant's "Motion to Suppress"; and (2) the trial court erred when it denied the

---

[1] This case is before this Court on transfer from the Ninth Court of Appeals in Beaumont pursuant to an order issued by the Supreme Court of Texas.  *See* TEX. GOV'T CODE ANN. § 73.001 (West 2005).

appellant's "Motion for Rehearing." Because we conclude that the trial court did not err, we affirm.

## I. BACKGROUND

On July 26, 2008, Varnado was arrested for the criminal offenses of driving with a suspended license and driving while intoxicated. A hearing was held before the trial court on an oral motion to suppress on January 5, 2011, and the following evidence was presented to the trial court.

Varnado was stopped by Texas Department of Public Safety Trooper Thad Smith near an intersection in Port Neches, Texas due to a defective license plate lamp. As a routine matter, Trooper Smith asked for Varnado's driver's license. Varnado's driver's license was found to be suspended, and Trooper Smith detected the odor of alcohol coming from Varnado's breath. After being questioned by Trooper Smith, Varnado stated that prior to operating his motor vehicle, he had taken Xanax, his prescribed anxiety medication, and consumed two alcoholic beverages. Trooper Smith conducted field sobriety tests, which Varnado failed. According to Trooper Smith's testimony, he placed Varnado under arrest and then read the DIC 24[2] to Varnado. The DIC 24 paperwork was signed by Varnado, indicating his refusal to submit to the blood sample. In accordance with Trooper Smith's testimony, Varnado stated that he was handcuffed and placed under arrest immediately following the sobriety tests. According to Trooper Smith, no video recording of the stop and arrest was made because the tape had either "run out or the equipment malfunctioned."

---

[2] A copy of the statutory warning delivered to the person prior to requesting a specimen of breath or blood. 37 TEX. ADMIN. CODE § 17.4(c) (2008) (Tex. Dep't of Pub. Safety, Admin. License Revocation).

The trial court denied Varnado's motion to suppress and placed him on probation,[3] pursuant to Varnado's plea of nolo contendere.  On February 2, 2011, Varnado filed a "Motion for Rehearing," which was heard on February 25, 2011, and subsequently denied.   This appeal ensued.

## II. DISCUSSION

(1)  Motion to Suppress[4]

Varnado argues that the evidence of any "field sobriety testing" and "investigating questioning" should have been suppressed pursuant to article 38.22.   *See* TEX. CODE CRIM. PROC. ANN. art. 38.22(a) (West 2005).   In reviewing the trial court's decision, on a motion to suppress, we apply a bifurcated standard of review, giving almost total deference to a trial court's determination of historic facts and mixed questions of law and fact that rely upon the credibility of a witness and applying a de novo standard of review to pure questions of law and mixed questions that do not depend on credibility determinations.   *Herring v. State*, 359 S.W.3d 275, 278 (Tex. App.—Texarkana 2012, no pet.).

Varnado argues that based on Trooper Smith's testimony, he was in custody from nearly the beginning of the incident because it was "obvious" that Varnado was going to jail for driving with a suspended license and because Trooper Smith stated at the motion

---

[3] Based on a plea agreement with the State, if the appeal is unsuccessful, Varnado will serve ninety days in jail suspended for a year of community supervision, along with a fine of seven hundred dollars.

[4] Varnado argues that the trial court committed error in denying his motion to suppress the videotape of his arrest.  However, the record shows that there was no video recording of the arrest. Because the videotape is not relevant to our analysis, we will proceed as if Varnado were appealing suppression of the evidence in general, as indicated in his oral motion to suppress, because this is a fair reading of his complaint on appeal.

3

to suppress hearing that "he [Trooper Smith] would not let him [Varnado] go."   In order for evidence to be suppressed Varnado must have been in custody.   *See* TEX. CODE CRIM. PROC. ANN. art. 38.22 (West 2005).   Under article 38.22, a defendant is considered in "custody" for one of two reasons:   (1) when an individual is formally arrested; or (2) when an individual's freedom of movement has been restrained to the degree associated with a formal arrest. *See id.; see also Nguyen v. State*, 292 S.W.3d 671, 676 (Tex. Crim. App. 2009).

In determining whether an individual was in custody, a court must examine all of the circumstances surrounding the interrogation, but the ultimate inquiry is simply whether there was a formal arrest or restraint on freedom of movement of the degree associated with a formal arrest.   *See State v. Ortiz*, 346 S.W.3d 127, 132 (Tex. App.—Amarillo 2011, pet. granted).   This determination depends on the objective circumstances of the interrogation, viewed through the eyes of a reasonable person.   *Id.*

Here, Varnado's freedom of movement was momentarily restrained pursuant to the traffic stop, but persons temporarily detained pursuant to an ordinary traffic stop are not in custody.   *Berkemer v. McCarty*, 468 U.S. 420, 441 (1984); *see State v. Stevenson*, 958 S.W.2d 824 (Tex. Crim. App. 1997) (en banc).   Varnado was questioned by Trooper Smith, was administered field sobriety tests, and conceivably would have been free to leave had he successfully passed the field sobriety tests. Mere questioning by an officer during a continuing investigation and administration of sobriety tests are not acts sufficient to establish custody.   *See Stevenson*, 958 S.W.2d at 829.   Thus, we conclude that Varnado was not in custody sufficient to trigger article 38.22.   *See* TEX. CODE CRIM. PROC. ANN. art. 38.22(a) (West 2005).   The trial court did

4

not error in denying Varnado's motion to suppress, and Varnado's first issue is overruled.

(2) Motion for Rehearing[5]

By his second issue, Varnado argues that the trial court committed error when it denied his motion for rehearing. Varnado's motion for rehearing relied on Rules 21, 21.3(h), 21.4(a), and 21.6 of the Texas Rules of Appellate Procedure. TEX. R. APP. P. 21, 21.3(h), 21.4(a), and 21.6. Relevant to this appeal, rule 21.3(h) specifically states that a defendant must be granted a new trial when the verdict is contrary to the law and the evidence. We review a trial court's ruling on a motion for new trial for abuse of discretion. *State v. Herndon*, 215 S.W.3d 901, 907 (Tex. Crim. App. 2007). The test for whether the trial court abused its discretion is whether the court acted without reference to any guiding rules and principles. *Malone v. State*, 163 S.W.3d 785, 793 (Tex. App.—Texarkana 2005, writ denied).

Varnado essentially reargues the points raised in his first issue. He asserts that the trial court committed error by denying the motion for rehearing based on the denial to suppress the field sobriety tests and any investigative questioning. We have already concluded that these sobriety tests and investigative questions are not acts sufficient to establish custody. *See Stevenson*, 958 S.W.2d at 829. We therefore conclude that the trial court did not abuse its discretion in denying Varnado's motion for rehearing. By adopting our reasoning from Varnado's first issue, we overrule Varnado's second issue.

---

[5] While labeled "motion for rehearing," we read to the substance of the motion to be akin to a "motion for new trial" under rule 21 of the Texas Rules of Appellate Procedure. TEX. R. APP. P. 21; *see also State Bar of Tex. v. Heard*, 603 S.W.2d 829, 833 (Tex. 1980) (providing that a court looks to the substance of a plea for relief, not merely the title, to determine the nature of a pleading).

## III. CONCLUSION

The trial court's judgment is affirmed.

_____
GINA M. BENAVIDES,
Justice

Do not publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed the
12th day of July, 2012.