

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

|  |  |  |
|---|---|---|
| IN THE MATTER OF A.A.M., A JUVENILE. | § § § § § § § | No. 08-12-00185-CV<br><br>Appeal from the<br><br>65th District Court<br><br>of El Paso County, Texas<br><br>(TC#1200099) |

# O P I N I O N

Appellant A.A.M., a juvenile, appeals his adjudication of delinquent conduct based on misdemeanor assault. We affirm.

## BACKGROUND

On March 7, 2012, the El Paso County Attorney's Office filed a petition based on delinquent conduct alleging that Appellant committed the offense of assault on December 15, 2011. At the adjudication hearing, Paula Lerma, a teacher at Paso Del Norte School, which Appellant attended, testified that she broke up a fight after school on December 15, 2011. According to Lerma, she was alerted to the fight by a student. Lerma quickly went outside and observed Appellant and another student punching and kicking the victim. Lerma told the boys to stop it, they complied,

and she escorted Appellant and the other boy to the office of the assistant principal.

Yvonne Vallejo, an assistant principal at Paso Del Norte, testified that she had Appellant write a statement while he was in her office on the day of the fight. Vallejo obtained a written statement from Appellant for discipline purposes. Vallejo stated that she did not tell Appellant what to write in his statement. Appellant was not promised anything for writing a statement and he was not threatened in any way. After the State moved to admit Appellant's written statement into evidence Appellant's counsel objected and took Vallejo on *voir dire* examination.

On *voir dire*, Vallejo testified that she had never had a student refuse to write a statement. She explained that if a student chose not to write a statement, the student would be free to return to class. However, Vallejo would still be able to take administrative action based on her investigation without the student's written statement. Vallejo did not recall Appellant stating that he did not want to write his statement because she gave him the paper and he wrote a statement. Vallejo also testified that while Appellant was in her office, Appellant was not scared of her and he was not denied access to the restroom or water. When Appellant made his statement there was no police officer or school security officer present in the room. Vallejo was the only person present at that time. Vallejo also obtained statements from the other two boys involved in the incident. At the conclusion of Vallejo's testimony, the State again moved for the admission of Appellant's written statement. At that point, Appellant's attorney stated that he had no objection and the statement was admitted into evidence.

Appellant testified at the adjudication hearing and admitted that he threw the victim to the ground and hit the victim. Appellant denied that he kicked the victim. In regard to his written statement, Appellant testified that he did not want to write the statement, but stated that he felt

2

pressured to do so. According to Appellant, when he stopped writing, Vallejo told him to keep writing what he had done. Appellant stated that Vallejo never told him that he could not leave Vallejo's office until he finished his statement. Vallejo did not threaten him and no police or school security officers were present in the room when he wrote the statement.

After the adjudication hearing, the juvenile court referee found that Appellant had engaged in delinquent conduct and the referee set the case for a disposition hearing. Following the disposition hearing, Appellant was placed on probation until his eighteenth birthday. This appeal followed.

## DISCUSSION

In a sole issue on appeal, Appellant asserts that the juvenile court referee erred in admitting Appellant's written statement in violation of section 51.095 of the Texas Family Code. *See* TEX. FAM. CODE ANN. § 51.095 (West 2008). The State responds that Appellant failed to preserve error for review.

### Preservation of Error

To preserve a complaint for appellate review, the record must show that the complaint was made to the trial court by a timely request, objection, or motion that stated the grounds for the ruling that the complaining party sought from the trial court with sufficient specificity to make the court aware of the complaint, unless the specific grounds were apparent from the context. TEX. R. APP. P. 33.1; *In re E.M.R.*, 55 S.W.3d 712, 716 (Tex. App. – Corpus Christi 2001, no pet.). Additionally, to preserve error for review a defendant must obtain an adverse ruling on his objection. *Ramirez v. State*, 815 S.W.2d 636, 643 (Tex. Crim. App. 1991).

In this case, Appellant did not make a specific objection. Rather, when the State moved to

3

admit Appellant's written statement, Appellant made a general objection and then requested to take Vallejo on *voir dire*. At the conclusion of Vallejo's *voir dire* examination, Appellant did not request a ruling on his prior objection and that the State moved again to admit the written statement as evidence. When the juvenile court referee inquired if there were any other objections, Appellant said, "[n]o objection." The record reflects that Appellant never objected or moved to suppress the written statement based on section 51.095 of the Texas Family Code. *See* TEX. FAM. CODE ANN. § 51.095 (West 2008).

On appeal, Appellant argues that his attorney should have continued to object to the written statement being introduced into evidence because it was taken in violation of Family Code section 51.095. Appellant further contends that an error normally waived for failure to object may still be argued on appeal if it was fundamental and so egregious it created such harm that Appellant did not receive a fair and impartial trial. *See Almanza v. State,* 686 S.W. 2d 157, 171 (Tex. Crim. App. 1985). However, Appellant provides no further argument or evidence that fundamental error occurred in this case or that he suffered egregious harm. Because Appellant did not adequately notify the trial court of his specific complaint, we conclude that he failed to preserve error. *See* TEX. R. APP. P. 33.1; *E.M.R.*, 55 S.W.3d at 716 (holding the appellant waived complaint that statement should have been suppressed because it was taken in violation of section 52.02(b) of the Texas Family Code because appellant failed to adequately notify trial court of his specific complaint). Similarly, because Appellant failed to obtain an adverse ruling on his general objection, Appellant has also waived error. *Ramirez*, 815 S.W.2d at 643 (error is waived if it is not clear from the record that the trial court made an adverse ruling on the defendant's objection).

Furthermore, we note that other witness testimony including Appellant's at the hearing

4

corroborated the facts set forth in Appellant's written statement. Both the victim and Lerma testified without objection that Appellant punched and kicked the victim. Similarly, Vallejo testified that Appellant admitted to grabbing the victim and that Appellant had explained that when the victim fell on the floor, Appellant kicked and punched the victim. While Appellant denied kicking the victim, he testified that he threw the victim to the ground and intentionally made a fist and hit the victim on the arm. Appellant explained that he had intended to scare the victim because the victim had pushed him in class. Therefore, even if the juvenile court referee erred in admitting Appellant's written statement, any error was rendered harmless as the same evidence was provided elsewhere during the adjudication hearing without objection. *See Valle v. State*, 109 S.W.3d 500, 509 (Tex. Crim. App. 2003) (an error in the admission of evidence is cured when the same evidence comes in elsewhere without objection); *Leday v. State*, 983 S.W.2d 713, 718 (Tex. Crim. App. 1998) (it is well settled that a trial court does not reversibly err by admitting evidence over objection where the same evidence is admitted elsewhere during trial without objection). Issue One is overruled.

## CONCLUSION

The trial court's ruling is affirmed.


GUADALUPE RIVERA, Justice

October 30, 2013

Before McClure, C.J., Rivera, and Rodriguez, JJ.

5