**Affirmed and Majority and Dissenting Opinions filed May 16, 2024.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-22-00944-CV

---

## IN THE MATTER OF S.L.S., A JUVENILE

---

**On Appeal from the 13th District Court
Navarro County, Texas
Trial Court Cause No. D2356-JV**

---

# MAJORITY OPINION

Appellant was adjudicated as a juvenile for engaging in delinquent conduct by committing the offense of murder. Under a single issue she presents three arguments challenging the trial court's denial of her motion to suppress evidence. Concluding that appellant failed to preserve error in the trial court as to each of these arguments, we affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In the early morning hours of December 21, 2021, officers of the Navarro County Sheriff's Department were called to a rural residential area in western Navarro County. The officers arrived and were notified of a deceased man in his

trailer. The officers investigated and developed a suspect, a 14-year-old female named Jane.[1] Realizing Jane was a juvenile, they called for a magistrate to come and give her certain statutory warnings as prescribed by the Family Code.

Judge Jackie Freeland, a justice of the peace who was already in the area to perform the inquest, was asked to perform those duties. Judge Freeland arrived and talked to Jane in a bedroom in her house with her mother and stepfather present, but without any police officers present. Judge Freeland recited various rights that Jane had. Jane indicated that she understood these rights. Jane signed an acknowledgment, and Judge Freeland signed a certificate. Jane made and signed a handwritten statement that Judge Freeland also signed (the "Written Statement") stating that she did not regret killing the complainant.

After Jane made the Written Statement, Officer Jeff Harbuck took Jane on a walk around the outside of the house, looking for knives that Jane had thrown down as she returned to her house from the complainant's trailer. During this walk Jane answered questions from Officer Harbuck (the "Walkabout Statements"). A bodycam video recorded the Walkabout Statements, but the statements were not reduced to writing. Some of the Walkabout Statements were incriminating.

Later that day Jane was taken to the offices of the Navarro County Sheriff's Department in Corsicana, where Judge Freeland spoke with Jane again and then Officers Jeff Harbuck and Caleb Loftis interviewed her; Jane answered the officers' questions (the "Sheriff's Office Statements"). The Sheriff's Office Statements were video recorded, but these statements were not reduced to writing. In the Sheriff's Office Statements Jane confessed that she had killed the

---

[1] Jane is a pseudonym. Under Texas Rule of Appellate Procedure 9.8, we use this fictitious name to identify appellant, a minor involved in this case. *See* Tex. R. App. P. 9.8.

complainant by stabbing him in the chest with a knife.

On the next day an Assistant Criminal District Attorney for Navarro County filed a "State's Original Determinate Sentence Adjudication Petition and Notice of Intention to Seek Approval of Grand Jury" ("Petition"). The Petition alleged that Jane engaged in delinquent conduct by committing murder in violation of section 19.02(b)(1) of the Texas Penal Code and that she used a deadly weapon during the commission of the offense. A Navarro County Grand Jury later certified and approved the Petition.

Jane filed an Amended Motion to Suppress Statements ("Motion to Suppress") in which she asked the trial court to suppress any and all confessions or statements taken from Jane for various reasons. The trial court held a hearing on the Motion to Suppress, at which Judge Freeland, Officer Harbuck, and Officer Palos testified. The trial court signed an order denying the Motion to Suppress and issued findings of fact and conclusions of law.

After this ruling Jane signed a stipulation of evidence, in which she agreed and stipulated that on or about December 21, 2021, she intentionally and knowingly caused the death of the complainant by stabbing him with a knife, which Jane agreed was a deadly weapon. Jane signed a document waiving her right to a jury trial, her right to a contested adjudication hearing, and her right to a contested hearing before the judge for disposition. The trial court conducted an adjudication hearing and based on the stipulation of evidence found beyond a reasonable doubt that Jane engaged in delinquent conduct by committing murder in violation of Penal Code section 19.02(b)(1), as alleged in the Petition. The trial court also found that Jane used a deadly weapon, a knife, during the commission of the charged offense. The trial court conducted an adjudication hearing and ordered that Jane be committed to the care, custody, and control of the Texas Juvenile

3

Justice Department for a period not to exceed 20 years. The trial court signed a final Order of Adjudication and Disposition, and Jane timely perfected this appeal from the order to the Tenth Court of Appeals. The Supreme Court of Texas ordered the appeal transferred to this court.[2]

## II. ISSUES AND ANALYSIS

In her sole appellate issue Jane asserts that because the State failed to strictly comply with the mandates of Family Code section 51.095, the trial court erred in denying the Motion to Suppress. Under this issue, Jane asserts three arguments as to why the trial court erred in denying the Motion to Suppress:

> (1) The trial court erred in denying the Motion to Suppress as to the Written Statement because (a) Judge Freeland did not comply with Family Code section 51.095(a)(1)(B)(ii) because he did not sign a written statement verifying that Judge Freeland is fully convinced that Jane understands the nature and contents of the Written Statement and that she is signing the Written Statement voluntarily; and (b) Judge Freeland did not comply with Family Code section 51.095(a)(1)(D) because he did not certify that Judge Freeland has examined Jane independent of any law enforcement officer or prosecuting attorney, except as required to ensure the personal safety of Judge Freeland or other court personnel, and has determined that Jane understands the nature and contents of the statement and has knowingly, intelligently, and voluntarily waived the rights listed in Family Code section 51.095(a)(1)(A) (the "First Argument").

> (2) The trial court erred in denying the Motion to Suppress as to the Walkabout Statements because the recording of these statements does not contain the magistrate warnings described by section 51.095(a)(1)(A) as a part of the recording, thus violating Family Code section 51.095(a)(5)(A) (the "Second Argument").

---

[2] In transfer cases, the transferee court must decide the appeal in accordance with the precedent of the transferor court under principles of stare decisis if the transferee court's decision otherwise would have been inconsistent with the precedent of the transferor court. *See* Tex. R. App. P. 41.3.

(3) The trial court erred in denying the Motion to Suppress as to the Sheriff's Office Statements because the recording of these statements does not contain the magistrate warnings described by section 51.095(a)(1)(A) as a part of the recording, thus violating Family Code section 51.095(a)(5)(A) (the "Third Argument").

Family Code section 51.095 provides in its entirety as follows:

(a) Notwithstanding Section 51.09, the statement of a child is admissible in evidence in any future proceeding concerning the matter about which the statement was given if:

  (1) the statement is made in writing under a circumstance described by Subsection (d) and:

    (A) the statement shows that the child has at some time before the making of the statement received from a magistrate a warning that:

      (i) the child may remain silent and not make any statement at all and that any statement that the child makes may be used in evidence against the child;

      (ii) the child has the right to have an attorney present to advise the child either prior to any questioning or during the questioning;

      (iii) if the child is unable to employ an attorney, the child has the right to have an attorney appointed to counsel with the child before or during any interviews with peace officers or attorneys representing the state; and

      (iv) the child has the right to terminate the interview at any time;

    (B) and:

      (i) the statement must be signed in the presence of a magistrate by the child with no law enforcement officer or prosecuting attorney present, except that a magistrate may require a bailiff or a law enforcement officer if a bailiff is not available to be present if the magistrate determines that the presence of the bailiff or law enforcement officer is necessary for the personal safety of the magistrate or other court personnel, provided that the bailiff or law enforcement officer may not carry a weapon in the presence of the child; and

      (ii) **the magistrate must be fully convinced that the child understands the nature and contents of the statement and that the**

5

**child is signing the same voluntarily, and if a statement is taken, the magistrate must sign a written statement verifying the foregoing requisites have been met**;

(C) the child knowingly, intelligently, and voluntarily waives these rights before and during the making of the statement and signs the statement in the presence of a magistrate; and

**(D) the magistrate certifies that the magistrate has examined the child independent of any law enforcement officer or prosecuting attorney, except as required to ensure the personal safety of the magistrate or other court personnel, and has determined that the child understands the nature and contents of the statement and has knowingly, intelligently, and voluntarily waived these rights;**

(2) the statement is made orally and the child makes a statement of facts or circumstances that are found to be true and tend to establish the child's guilt, such as the finding of secreted or stolen property, or the instrument with which the child states the offense was committed;

(3) the statement was res gestae of the delinquent conduct or the conduct indicating a need for supervision or of the arrest;

(4) the statement is made:

(A) in open court at the child's adjudication hearing;

(B) before a grand jury considering a petition, under Section 53.045, that the child engaged in delinquent conduct; or

(C) at a preliminary hearing concerning the child held in compliance with this code, other than at a detention hearing under Section 54.01; or

(5) subject to Subsection (f), the statement is made orally under a circumstance described by Subsection (d) and the statement is recorded by an electronic recording device, including a device that records images, and:

**(A) before making the statement, the child is given the warning described by Subdivision (1)(A) by a magistrate**, **the warning is a part of the recording**, and the child knowingly, intelligently, and voluntarily waives each right stated in the warning;

(B) the recording device is capable of making an accurate recording, the operator of the device is competent to use the device,

the recording is accurate, and the recording has not been altered;

(C) each voice on the recording is identified; and

(D) not later than the 20th day before the date of the proceeding, the attorney representing the child is given a complete and accurate copy of each recording of the child made under this subdivision.

(b) This section and Section 51.09 do not preclude the admission of a statement made by the child if:

(1) the statement does not stem from interrogation of the child under a circumstance described by Subsection (d); or

(2) without regard to whether the statement stems from interrogation of the child under a circumstance described by Subsection (d), the statement is:

(A) voluntary and has a bearing on the credibility of the child as a witness; or

(B) recorded by an electronic recording device, including a device that records images, and is obtained:

(i) in another state in compliance with the laws of that state or this state; or

(ii) by a federal law enforcement officer in this state or another state in compliance with the laws of the United States.

(c) An electronic recording of a child's statement made under Subsection (a)(5) or (b)(2)(B) shall be preserved until all juvenile or criminal matters relating to any conduct referred to in the statement are final, including the exhaustion of all appeals, or barred from prosecution.

(d) Subsections (a)(1) and (a)(5) apply to the statement of a child made:

(1) while the child is in a detention facility or other place of confinement;

(2) while the child is in the custody of an officer; or

(3) during or after the interrogation of the child by an officer if the child is in the possession of the Department of Family and Protective Services and is suspected to have engaged in conduct that violates a penal law of this state.

(e) A juvenile law referee or master may perform the duties imposed on a magistrate under this section without the approval of the juvenile court if the juvenile board of the county in which the statement of the child is made has authorized a referee or master to perform the duties of a magistrate under this section.

(f) A magistrate who provides the warnings required by Subsection (a)(5) for a recorded statement may at the time the warnings are provided request by speaking on the recording that the officer return the child and the recording to the magistrate at the conclusion of the process of questioning. The magistrate may then view the recording with the child or have the child view the recording to enable the magistrate to determine whether the child's statements were given voluntarily. The magistrate's determination of voluntariness shall be reduced to writing and signed and dated by the magistrate. If a magistrate uses the procedure described by this subsection, a child's statement is not admissible unless the magistrate determines that the statement was given voluntarily.

Tex. Family Code Ann. § 51.095 (West, Westlaw through 2023 4th C.S.) (emphasis added).

## A. Do the legal standards from criminal cases govern the analysis of preservation of error in today's case?

Although juvenile cases are civil proceedings for which the Supreme Court of Texas is the court of last resort, juvenile cases are also quasi-criminal and thus bear different consideration with regard to issue preservation. *See In re C.O.S.*, 988 S.W.2d 760, 765–66 (Tex. 1999); *In re A.I.*, 82 S.W.3d 377, 379 (Tex. App.— Austin 2002, pet. denied). The Supreme Court of Texas has concluded that appellate courts in juvenile cases should apply the legal standards that apply to preservation of error in adult criminal proceedings. *See In re C.O.S.*, 988 S.W.2d at 765–66. Thus, the Supreme Court of Texas adopted the three categories from the Court of Criminal Appeals's opinion in *Marin v. State*. *See In re C.O.S.*, 988 S.W.2d at 765; *Marin v. State*, 851 S.W.2d 275, 278–79 (Tex. Crim. App. 1993). The three categories are: (1) rights considered "so fundamental to the proper

8

functioning of our adjudicatory process that they cannot be forfeited" by a defendant's inaction—called "absolute rights or prohibitions and systemic requirements"; (2) rights that are "'not forfeitable,' meaning that they cannot be lost by inaction but that they are 'waivable' if the waiver is affirmatively, plainly, freely, and intelligently made"; and (3) "forfeitable" rights, which are rights the trial court has a duty to enforce when requested but that can be waived by a failure to call the trial court's attention to the error. *In re C.O.S.*, 988 S.W.2d at 765–66. Whether evidence of statements by Jane should be suppressed for failure to comply with various parts of Family Code 51.095 falls into the third category of rights that can be waived by a failure to call the trial court's attention to the error. *See Resendez v. State*, 306 S.W.3d 308, 312–13 (Tex. Crim. App. 2009); *In re A.A.M.*, 414 S.W.3d 387, 389–90 (Tex. App.—El Paso 2013, no pet.).

## B. Did Jane preserve error in the trial court on her three arguments?

Before addressing the merits of Jane's three arguments, we first decide whether Jane preserved error on these arguments in the trial court. Texas Rule of Appellate Procedure 33.1(a) provides that a complaint is not preserved for appeal unless it was made to the trial court "by a timely request, objection or motion" that "stated the grounds for the ruling that the complaining party sought from the trial court with sufficient specificity to make the trial court aware of the complaint, unless the specific grounds were apparent from the context." Tex. R. App. P. 33.1(a). Likewise, under Rule 103 of the Texas Rules of Evidence, error may not be predicated upon a ruling which admits or excludes evidence unless "a timely objection or motion to strike appears of record, stating the specific ground of objection, if the specific ground was not apparent from the context." Tex. R. Evid. 103.

The purpose of requiring a specific objection in the trial court is twofold: (1)

9

to inform the trial court of the basis of the objection and give the trial court an opportunity to rule on it; (2) to give opposing counsel the opportunity to respond to the complaint. *See Resendez*, 306 S.W.3d at 312. Although there are no technical considerations or forms of words required to preserve an error for appeal, a party must be specific enough so as to "let the trial judge know what he wants, why he thinks himself entitled to it, and do so clearly enough for the judge to understand him at a time when the trial court is in a proper position to do something about it." *Id*. at 312–13 (quoting *Lankston v. State*, 827 S.W.2d 907, 909 (Tex. Crim. App. 1992)). The parties, not the judge, are responsible for the correct application of evidentiary rules; in order to preserve a complaint for appeal, the complaining party must have done everything necessary to bring the relevant evidentiary rule and its precise and proper application to the trial court's attention. *See Resendez*, 306 S.W.3d at 313.

But we cannot consider just the specific complaint in question; we must also look at the context. *See id*. When the correct ground for exclusion was obvious to the judge and opposing counsel, no forfeiture results from a general or imprecise objection. *See id*. But when the context shows that a party failed to effectively communicate his argument, then the error will be deemed forfeited on appeal. *See id*.

### 1. *Jane's Written Motion to Suppress*

Jane's written Motion to Suppress was two-pages long. Jane's argument with respect to section 51.095 consisted of two sentences: (1) "[s]tatements made by [Jane] were taken without the safeguards required by and in violation of . . . the requirements of . . . [s]ection 51.095 of the Texas Family Code"; and (2) "[t]he admission of statements by [Jane] is a violation of [Jane's] rights pursuant to section 51.095 of the Texas Family Code." In the motion, Jane does not specify which of section 51.095's many requirements she alleges were violated. The

10

statements in the motion are general, and no statement brings any specific violation of section 51.095 to the trial court's attention. *See id*. No statement in the written Motion to Suppress apprises the trial court of any of Jane's three arguments on appeal or makes any of these arguments apparent from the context. *See id.* at 313.

### 2. *The Statements of Jane's Trial Counsel at the Hearing*

At the hearing on the Motion to Suppress, Jane's counsel:

(1) asserted "that certain procedural and requirements [sic] under . . . [s]ection 51.095 of the Family Code were missed . . . in the rendition of [Jane's] rights and the taking of her statement."

(2) asserted that the Walkabout Statements and the Sheriff's Office Statements were not voluntary, "that the statute, the Miranda statute was not fully complied with, that there wasn't a finding of voluntariness, that the statute was not, that 38.22 was not followed, and that not all voices were identified, and that the officers wore their weapons during . . . both interviews";

(3) quoted section 51.095(a)(2), which provides that a child's statement is admissible in evidence if "the statement is made orally and the child makes a statement of facts or circumstances that are found to be true and tend to establish the child's guilt, such as the finding of secreted or stolen property, or the instrument with which the child states the offense was committed" Tex. Family Code Ann. § 51.095(a)(2);

(4) quoted section 51.095(f) and stated that this section has "a requirement of a finding of voluntariness of the statement that was made";

(5) referred to the part of section 51.095(d) that says "[s]ubsections (a)(1) and (a)(5) apply to the statement of a child made . . .while the child is in a detention facility";

(6) observed that that the warnings that Judge Freeland gave may apply to the Written Statement and appear to contain "all of the subject warnings for Miranda";

(7) stated, "I would concede probably that the [Written Statement] is probably admissible";

(8) argued that the warnings given before the Sheriff's Office

11

Statements were incomplete because the warnings did not "go into the details of the full requirements under 38.22";

(9) cited a case in which the court concluded that section 51.095 had been violated because the child was not warned that any statement by the child could be used as evidence against the child;

(10) asserted that today's case involves a similar situation because not all of the Miranda warnings required by article 38.22 of the Texas Code of Criminal Procedure were given;

(11) asserted that there is no voluntariness finding by Judge Freeland under section 51.095(f);

(12) described the Fourth Court of Appeals's opinion in *Reta v. State*, as well as this court's opinion in *Carter v. State*, and the Court of Criminal Appeals's opinion in *Carter v. State*;

(13) noted that Judge Freeland signed a certification in the Written Statement in which he certified that "the statutory rights and warnings listed on page one of this Magistrate's Juvenile Warning were read and explained to the juvenile. I have determined the juvenile understands the nature and contents of the warning and voluntarily signed the above Acknowledgment."

(14) stated that this certification was "the only thing that Judge Freeland testified to, or the only thing he touched on as to the issue of making a voluntariness assignment as to anything"; and

(15) stated that Judge Freeland's certification "is not after [Jane] signed the [Written Statement], it's not after the [Walkabout Statements], and it's certainly not six hours later after she makes the full-blown confession to Officer Harbuck [in the Sheriff's Office Statements]. There is no finding of voluntariness."

The assertion by Jane's counsel "that certain procedural and requirements [sic] under . . . [s]ection 51.095 of the Family Code were missed" is general and did not bring any specific violation of section 51.095 to the trial court's attention. *See Resendez*, 306 S.W.3d at 313. At no point in the written Motion to Suppress or at the hearing on the motion, does Jane's counsel state any of the following:

(1) Judge Freeland failed to comply with Family Code section 51.095(a)(1);

(2) the Written Statement does not comply with Family Code section 51.095(a)(1);

(3) Judge Freeland failed to sign a written statement verifying that he is fully convinced that (a) Jane understands the nature and contents of the Written Statement; and (b) Jane is signing the Written Statement voluntarily;

(4) Judge Freeland failed to certify something;

(5) Judge Freeland failed to certify that (a) he has examined Jane independent of any law enforcement officer or prosecuting attorney, except as required to ensure the personal safety of Judge Freeland or other court personnel; and (b) Judge Freeland has determined that Jane understands the nature and contents of the Written Statement and has knowingly, intelligently, and voluntarily waived the rights listed in Family Code section 51.095(a)(1)(A);

(6) a recording of any statement by Jane does not comply with any part of Family Code section 51.095(a)(5);[3]

(7) the recording of the Walkabout Statements does not contain the magistrate warnings described by section 51.095(a)(1)(A) as a part of the recording; or

(8) the recording of the Sheriff's Office Statements does not contain the magistrate warnings described by section 51.095(a)(1)(A) as a part of the recording.

During his closing argument at the hearing on the Motion to Suppress, Jane's counsel stated that "Subsection (f) of 51.095, at the end of that statute, talks about a magistrate making a finding of voluntariness of the statement." Counsel then quoted subsection (f) in its entirety. Counsel stated that under section 51.095(f) there is "a requirement of a finding of voluntariness of the statement that was made," thus indicating that Judge Freeland was required to make a finding of voluntariness under Family Code section 51.095(f). Under section 51.095(f), a magistrate who provides the warnings required by section 51.095(a)(5) for a

---

[3] Though he did not assert any such failure to comply with Family Code section 51.095(a)(5), Jane's counsel did quote the following part of section 51.095(a)(5): "[s]ubject to Subsection (f), the statement is made orally under [a] circumstance[] described in Subsection (d)."

recorded statement may at the time the warnings are provided request by speaking on the recording that the officer return the child and the recording to the magistrate at the conclusion of the process of questioning. *See* Tex. Family Code Ann. § 51.095(f); *State v. Torres*, 666 S.W.3d 735, 741–42 (Tex. Crim. App. 2023). If the magistrate elects to use this procedure, the magistrate may then view the recording with the child or have the child view the recording to enable the magistrate to determine whether the child's statements were given voluntarily, and the magistrate will make a written, signed, and dated determination as to whether the child made the statement voluntarily. *See* Tex. Family Code Ann. § 51.095(f); *Torres*, 666 S.W.3d at 741–42. If the magistrate uses the subsection(f) procedure, the child's statement is not admissible unless the magistrate determines that the child made the statement voluntarily. *See* Tex. Family Code Ann. § 51.095(f); *Torres*, 666 S.W.3d at 741–42.

After quoting section 51.095(f) and incorrectly indicating that section 51.095(f) required Judge Freeland to make a finding of voluntariness even if he did not choose to use the subsection (f) procedure, Jane's counsel stated once that Judge Freeland did not make the finding of voluntariness required by section 51.095(f), and counsel stated four other times that Judge Freeland did not make a finding of voluntariness, without referring to any statute. In this context, the four general statements that Judge Freeland failed to make a finding of voluntariness refer to section 51.095(f) rather than to the requirement of a written statement under section 51.095(a)(1)(B)(ii) or the requirement of a certification under section 51.095(a)(1)(D). *See Resendez*, 306 S.W.3d at 315. For a child's written statement section 51.095(a)(1)(B)(ii) requires the magistrate to sign a written statement verifying that the magistrate is fully convinced that the child understands the nature and contents of the written statement and that the child is signing the written

14

statement voluntarily. For a child's written statement section 51.095(a)(1)(D) requires the magistrate to certify that (1) the magistrate has examined the child independent of any law enforcement officer or prosecuting attorney, except as required to ensure the personal safety of the magistrate or other court personnel, and (2) the magistrate has determined that the child understands the nature and contents of the written statement and has knowingly, intelligently, and voluntarily waived the rights listed in Family Code section 51.095(a)(1)(A). *See* Tex. Family Code Ann. §51.095(a)(1). Though voluntariness is one of the items included in the magistrate's written statement under section 51.095(a)(1)(B)(ii) and the magistrate's certification under section 51.095(a)(1)(D), other elements are required in the written statement and the certification. The only element at issue under section 51.095(f) is the voluntariness of the statement. Jane's counsel's emphasis on section 51.095(f) and his mention only of a failure to make a finding of voluntariness show that his four general statements that there was no voluntariness finding refer to an alleged violation of section 51.095(f), rather than an alleged violation of section 51.095(a)(1)(B)(ii) or section 51.095(a)(1)(D). The trial court's findings of fact show that the trial court understood Jane to be complaining of an alleged failure to comply with section 51.095(f) but not an alleged failure to comply with section 51.095(a)(1)(B)(ii) or section 51.095(a)(1)(D). The trial court found that Judge Freeland did not request under section 51.095(f) that the officers return Jane and the recording to Judge Freeland at the conclusion of questioning. Judge Freeland's failure to make this request meant that he was not using the section 51.095(f) procedure and that he did not need to make any finding of voluntariness under section 51.095(f). *See* Tex. Family Code Ann. § 51.095(f); *Torres*, 666 S.W.3d at 741–42. The trial court did not make any finding of fact addressing either section 51.095(a)(1)(B)(ii) or section 51.095(a)(1)(D).

The statements in the Motion to Suppress and the statements of Jane's counsel at the hearing were not specific enough to let the trial court know that Jane wanted the trial court to suppress the Written Statement because Judge Freeland allegedly failed to comply with Family Code section 51.095(a)(1)(B)(ii) or section 51.095(a)(1)(D). *See Resendez*, 306 S.W.3d at 313–16. Jane did not state the First Argument with sufficient specificity to make the trial court aware of this argument, and the First Argument was not apparent from the context. *See* Tex. R. App. P. 33.1(a); *Resendez*, 306 S.W.3d at 313–16. We conclude that Jane did not preserve error in the trial court as to the First Argument. *See Resendez*, 306 S.W.3d at 313–16; *Herring v. State*, 359 S.W.3d 275, 282–83 (Tex. App.—Texarkana 2012), *aff'd*, 395 S.W.3d 161 (Tex. Crim. App. 2013); *Pham v. State*, 125 S.W.3d 622, 629–30 (Tex. App.—Houston [1st Dist.] 2003), *aff'd*, 175 S.W.3d 767 (Tex. Crim. App. 2005).

The statements in the Motion to Suppress and the statements of Jane's counsel at the hearing were not specific enough to let the trial court know that Jane wanted the trial court to suppress evidence of the Walkabout Statements or of the Sheriff's Office Statements because the recording of these statements does not contain the magistrate warnings described by section 51.095(a)(1)(A) as a part of the recording, as required by Family Code section 51.095(a)(5)(A). *See Resendez*, 306 S.W.3d at 313–16. Jane did not state the Second Argument or the Third Argument with sufficient specificity to make the trial court aware of either argument, and neither argument was apparent from the context. *See* Tex. R. App. P. 33.1(a); *Resendez*, 306 S.W.3d at 313–16. We conclude that Jane did not preserve error in the trial court as to either the Second Argument or the Third Argument. *See Resendez*, 306 S.W.3d at 313–16; *Herring*, 359 S.W.3d at 282–83; *Pham*, 125 S.W.3d at 629–30.

### III. CONCLUSION

Under the applicable standard of review, we conclude that Jane did not assert any of her three appellate arguments in the trial court with sufficient specificity to make the trial court aware of any of these arguments, and none of these arguments was apparent from the context. Because Jane did not preserve error in the trial court as to any of these arguments, we overrule her sole issue and affirm the trial court's judgment.


/s/    Randy Wilson
       Justice

Panel consists of Justices Jewell, Spain, and Wilson (Spain, J., dissenting).